IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAN MARSHALL, | * |
| Plaintiff, | * |
| | *   Civil No. TMD 16-62 |
| v. | * |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| Defendant.[1] | * |

\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

Plaintiff Jan Marshall seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Judgment (ECF No. 15) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## I

### Background

On January 7, 2016, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124

S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). Residual functional capacity ("RFC") is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff first contends that the ALJ's step-three finding of her moderate difficulties in maintaining concentration, persistence, or pace is inconsistent with the ALJ's assessment of her RFC to perform "simple, routine, repetitive tasks with few if any workplace changes, occasional decision-making and interaction with the public and co-workers." R. at 18. Her argument in this regard is unavailing, however, as an "ALJ's inclusion of a limitation in her RFC assessment and in her hypothetical question to the VE to 'occasional decision-making and judgment' and only 'occasional changes in the work setting' accounts for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace." *Willis v. Colvin*, Civil No. TMD 15-2301, 2016 WL 3440126, at *7 (D. Md. June 22, 2016) (citations omitted).

Plaintiff's other arguments also are unavailing. She also asserts that the ALJ failed to address adequately the mental functions required by Social Security Ruling[4] 96-8p, namely, the abilities to understand, carry out, and remember instructions; and to respond appropriately to supervision and co-workers. The Court finds, however, that the ALJ's assessment of Plaintiff's RFC to "simple, routine, repetitive tasks with few if any workplace changes, occasional decision-making and interaction with the public and co-workers" (R. at 18) "constitutes adequate findings

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

of [Plaintiff's] mental abilities," *Owens v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-3692, 2015 WL 5052688, at *4 (D. Md. Aug. 24, 2015), and Plaintiff's arguments regarding the ALJ's consideration of the state agency psychological consultants are without merit.  Moreover, although Plaintiff contends that the ALJ failed to address her ability to perform for an eight-hour workday, an ALJ's determination of a claimant's RFC implicitly includes a finding that the claimant is able to work an eight-hour day.  *Hines*, 453 F.3d at 563

Finally, Plaintiff maintains that the ALJ improperly substituted her opinion for the opinion of doctors in assessing her RFC.  Although "an ALJ cannot play the role of doctor and interpret medical evidence when he or she is not qualified to do so," *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007), "the weighing of various evidence is precisely the typical province of the ALJ."  *Caines v. Colvin*, No. 8:14-CV-00388-JDA, 2015 WL 5178170, at *12 (D.S.C. Sept. 3, 2015).  "If such a comparison was considered playing doctor, as proposed by Plaintiff, then the whole of the administrative review would be an illegality."  *Id.*  Rather, "[a] typical case of an ALJ impermissibly 'playing doctor' is when the ALJ draws medical conclusions themselves about a claimant without relying on medical evidence."  *Foster v. Astrue*, No. CV-09-307-JPH, 2011 WL 1807426, at *9 (E.D. Wash. May 11, 2011) (citing *Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000)).

In assessing Plaintiff's RFC, the ALJ gave little weight to the opinion of Dr. Ruzbarsky, Plaintiff's treating physician (R. at 412-15), because "the evidence does not show limitations as severe as what has been assessed by Dr. Ruzbarsky," who opined that Plaintiff "does not have the capacity necessary to remain in a seated position for 6 hours out of an 8-hour period of time and stand for 2 hours out of an 8-hour period of time." R. at 21.  Plaintiff maintains that the ALJ erred in weighing Dr. Ruzbarsky's opinion.

7

The Fourth Circuit reiterated the following standard for considering medical opinions. *Dunn v. Colvin*, 607 F. App'x 264, 267-68 (4th Cir. 2015). When evaluating medical opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson*, 434 F.3d at 654; *see* 20 C.F.R. § 404.1527. "An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,'" *Dunn*, 607 F. App'x at 267 (quoting *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992)), "or has failed to give a sufficient reason for the weight afforded a particular opinion," *id.* (citing 20 C.F.R. § 404.1527(d) (1998)); *see* 20 C.F.R. § 404.1527(c).

A treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *see Dunn*, 607 F. App'x at 267. Conversely, however, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. In other words, "a treating physician's opinion is to be accorded comparatively less weight if it is based on the physician's limited knowledge of the applicant's condition or conflicts with the weight of the evidence." *Meyer v. Colvin*, 754 F.3d 251, 256 (4th Cir. 2014) (citing *Craig*, 76 F.3d at 590; 20 C.F.R. § 404.1527(c)). Moreover, "the testimony of a non-examining physician

8

can be relied upon when it is consistent with the record. Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, a determination coming down on the side of the non-examining, non-treating physician should stand." *Smith*, 795 F.2d at 346 (citation omitted). An ALJ may reject a treating physician's opinion in its entirety and afford it no weight if the ALJ gives specific and legitimate reasons for doing so. *See Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (per curiam) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001); *Craig*, 76 F.3d at 589-90).

A medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(d)(1). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See id.* § 404.1527(c)(3). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See id.* § 404.1527(c)(4); *see also Dunn*, 607 F. App'x at 268.

In affording Dr. Ruzbarsky's opinion little weight, the ALJ found that, as noted previously in her decision, "there are no gait issues, strength deficits or significant limitations in range of motion." R. at 21. "While the ALJ did not cite specific pages in the record, [her] explanation relied on and identified a particular category of evidence." *Sharp v. Colvin*, 660 F. App'x 251, 257 (4th Cir. 2016). Plaintiff nonetheless asserts that Dr. Ruzbarsky's opinion was consistent with the opinions of her treating rheumatologist, Dr. Chatterji, and her therapist, Ms. Bennett. Substantial evidence supports the little weight given by the ALJ to Dr. Chatterji's opinion, however, because it was not consistent with the doctor's treatment notes (R. at 22). *See Burch v. Apfel*, 9 F. App'x 255, 259 (4th Cir. 2001) (per curiam) (ALJ did not err in giving physician's opinion little weight where physician's opinion was not consistent with her own

9

progress notes); *Craig*, 76 F.3d at 590 (upholding ALJ's rejection of treating physician's opinion because record contained persuasive contradictory evidence and because treating physician's own notes contradicted his opinion). Further, the ALJ appropriately found that, in giving some weight to her opinion, Ms. Bennett's conclusions were not based on psychological or psychiatric testing but primarily on Plaintiff's subjective complaints. *See Craig*, 76 F.3d at 590 (noting that conclusory medical opinion based on claimant's subjective reports and unsupported by opining physician's own notes was unpersuasive). The ALJ also found that the record as a whole did not support Ms. Bennett's opinion of Plaintiff's marked limitations in any area of mental functioning. Furthermore, although the state agency medical consultants expressed different opinions about Plaintiff's exertional limitations, the ALJ adopted in her RFC assessment the opinion of the state agency consultant at the reconsideration level because it was consistent with the record evidence. R. at 21. Thus, the Court "may not reweigh this evidence, and [the Court] must defer to the ALJ's determination when, as here, conflicting evidence might lead reasonable minds to disagree whether [Plaintiff] was disabled." *Sharp*, 660 F. App'x at 258 (citing *Hancock*, 667 F.3d at 472; *Johnson*, 434 F.3d at 653).

Plaintiff also contends that the ALJ failed to consider the factors cited in *Johnson* and in 20 C.F.R. § 404.1527(c) when not affording a treating source's opinion controlling weight. In this case, however, "[w]hile the ALJ did not explicitly analyze each of the *Johnson* factors on the record, the ALJ was clear that [she] concluded that [Dr. Ruzbarsky's] opinion was not consistent with the record or supported by the medical evidence, which are appropriate reasons under *Johnson*" to afford a treating physician's opinion less than controlling weight. *Bishop*, 583 F. App'x at 67. Thus, for the reasons stated above, Plaintiff's argument that the ALJ erred in affording little weight to Dr. Ruzbarsky's opinion is unavailing.

In short, because "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings," substantial evidence supports the weight afforded by the ALJ to Dr. Ruzbarsky's opinion.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999) (Posner, C.J.) (upholding ALJ's rejection of physician's check-box form where it was contradicted by evidence in record); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (finding that ALJ permissibly rejected psychological evaluations because they were check-off reports that did not contain any explanation of the bases of their conclusions).

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.  Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.  The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: March 31, 2017                                  /s/
                                                      Thomas M. DiGirolamo
                                                      United States Magistrate Judge